Judge Ambrose, I'm going to thank the students at Penn State Dickinson for having observed this oral argument. I hope they found it oral arguments in the two cases. My students cannot stay for the third oral argument because they have some training they're going to be receiving or some demonstration they're going to be receiving on evidence presentation software. I bet they want to be with us anyway. I think they would prefer that, but you've got to keep that on schedule. So if there's anybody on the technical staff there at University Park and at Carlisle, the connection now can be terminated. Thank you. Glad to have you students very much with us. The last case that we have this morning is Lincoln v. Warden of Smithfield SCI et al., number 14-2642. Mr. Goldsboro and Mr. Ranjan. Am I right? Ranjan. Ranjan. Okay. Yes, good morning, Your Honors, and may it please the Court. I'm John Goldsboro, Assistant District Attorney representing the Commonwealth Appellants. When this case went back, this has sort of been up and down, up and down. Yes, sir. When it went back to the Commonwealth Court, there was another counsel other than you involved, I take it? Is that correct? Your Honor, do you mean on the reinstated direct appeal? Yes. Yes, sir. Yes, that's correct. Okay. So you're primarily on the appellate side or? I do the federal habeas. Okay. Yes. Very good. So, Your Honors, this is a simple case. Mr. Lincoln has had his reinstated direct appeal, and he now has a further remedy. The clock was reset for PCRA, as the Superior Court said, that he's failed to exhaust. Rule 60 discretion doesn't permit, it may be broad, but it doesn't permit the district court to reverse this court from below on a claim this court and even a member of this panel found indisputably meritless. The concern that I have before we get to that, it seems that there is a preliminary concern, and that is that it looks like what you represented to us after the last oral argument that you had in this court in a letter that you sent to Ms. Waldron, and then subsequently to Judge Shapiro, is that he can go back, Mr. Lincoln, and plea validity is not an issue, and we'll get to the merits. And Judge Shapiro was saying, I just want to make sure I understand this. And you said, yeah, I've thought about this since last night. And when she stated clearly, okay, it will be essentially on the merits, you go indeed. Then your colleague goes back and doesn't abide by what appears to be the agreement that you made. Your Honor, if I misspoke at the hearing below, I apologize. But I wasn't able to change state law. And state law requires that after a negotiated guilty plea, and, by the way, he received the sentence that he negotiated for. You mean in order to raise – I'm not trying to put you too much on the hosse here. But if you're representing Smithfield, the defendants here, and you write a letter, and then after thinking about a matter for 24 hours on a tough issue with respect before Judge Shapiro, you give an assertion of what the Commonwealth will or will not do. The Commonwealth can't live up to the agreement that you made as its representative? My belief is that at the time that I was speaking, and certainly the argument before this Court was focused on not only the default issue, but also the issue that voluntariness had already been litigated. It was previously litigated. And my point to this Court in 2010, that oral argument, was there is no issue that can be raised on a reinstated direct appeal. And my opponent said that that doesn't matter under Roe v. Flores-Ortega. That should not matter. Then when it went back down, the only issue that was before the Court was the ineffectiveness of counsel for failing to continue the direct appeal. The discussion of what could be reviewed on a direct appeal, of course, turned in part on how he would phrase his issues, and in part on state law. And at that time, as I said, I was focused on the previously litigated status of that claim. And I wasn't focusing on the fact that state law requires that plea invalidity either be raised at the plea or, in voluntariness, be raised at the plea or within 10 days. And the date, and we couldn't have predicted this, the date that the district court chose in its factual finding for when Lincoln first asked was not during the guilty plea. He did not first ask for an appeal or post-sentence motion then. In her opinion, in the judge's opinion from 2011, the district court said that he first asked for that in his letter to counsel, which we know was dated November 16th after the 10-day period. I'm trying to get to the end. It looked to me like when you had the evidentiary hearing before Judge Shapiro after the remand, the idea came up that there would be a reinstated appeal on the merits. And you said, quote, I've thought about this since yesterday, and I think this is really an issue for the state courts if, as Lincoln's counsel says, there are some issues to the merger that basically are the two counts of the charge resulting in a lower statutory maximum penalty. And whether or not Judge Mayer, who is the trial judge, made a mistake on the record here, I believe that is an issue for the state courts to take care of on a reinstated appeal. Yes, Your Honor. I should not have said on a reinstated appeal. And then the court didn't clarify it, but, I mean, Judge Shapiro is very sharp. So what you do is a conditional grant of habeas which vacates the conviction unless they reinstate the direct appeal within a certain time and the appointment of new counsel. Your response? Indeed. Now, at that time, I was under the impression that she was going to find that Mr. Lincoln had asked for the appeal immediately. That is what he had testified to, and it appeared that she was crediting him. But in her opinion, she found that he asked for it after the 10-day period, which changes the matter under state law. But then her order was that Lincoln be released unless within 180 days from the order granting the writ, quote, Petitioner's direct appeal has been reinstated non pro tonque. And, indeed, it was. And you did not appeal from that. We did not appeal from that because we complied. We did exactly what – now, certainly that goes beyond what this court would require. Your Honor, that sounds like a stop. Pardon me, Your Honor? That's – I mean, that's Mr. – that's the argument. You're stopped. No, Your Honor, it doesn't say anything about on the merits. We reinstated the direct appeal. Her factual finding was that he only asked for it after it was too late to raise a claim of plea involuntariness, of plea invalidity. That was her factual finding that we could not have predicted at that time. When she made that factual finding, that bound the state courts. Once she said that he had only asked for it after it was too late to raise the only claim that one can really raise, after a negotiated guilty plea, you have jurisdiction of the court, the validity of the sentence, or the voluntariness of the plea. In Pennsylvania, it's well settled that you have to raise the voluntariness of the plea, either during the plea colloquy or within 10 days. And now you're saying he has to go back to the state court to commence another PCRA proceeding to raise the issue of alleged ineffective assistance of counsel in not moving within that 10-day period. That is correct, Your Honor. And that is, in fact, the claim that this Court denied. This Court denied a certificate of appealability on. It was an elegant solution, I believe, that Judge Shapiro adopted. Your letter to Marcy Waldron after the hearing here was that PICRA, quote, does not permit claims waived on appeal, but here there are none. Counsel ineffectiveness, plea validity, et cetera, are specifically authorized. By the PCRA. Indeed, Your Honor. I was speaking about the PCRA. And that is exactly what the Superior Court pointed Mr. Lincoln to, that in order to raise this claim that has already been But it sounds like what you're saying in layman's language is no claims are waived on appeal. Your Honor, I was, again, speaking about the PCRA, and that was my intent. I was speaking about how there was a remedy within the PCRA, and I believe that that's exactly where the Superior Court went. Judge Shapiro's finding, her factual finding about the date, I believe, was elegant, because we have to remember that there were two claims originally raised in habeas. One of them was ineffectiveness for failing to appeal, but the other one was ineffectiveness for failing to file a plea withdrawal motion, a post-sentence motion within the 10 days alleging plea involuntariness. And that claim was found meritless by the state courts and by the federal courts. That placed Judge Shapiro in a box when the claim went down. Found meritless why? Pardon me? Found meritless because Mr. Lincoln had not requested such a motion? Your Honor, it was found meritless for lack of Strickland prejudice based on counsel's family letter in his first PCRA. Okay. So counsel filed a PCRA counsel, appointed counsel, filed a family letter, which is the Pennsylvania's basically Andrew's procedure, and said that the plea was on the record clearly voluntary, not, of course, noticing the difficulties that subsequent counsel has raised. But in any event, that was found meritless, affirmed by the Superior Court. The magistrate judge agreed that that was a reasonable application of Strickland. So did Judge Shapiro, and this court denied a certificate of appealability on it, and Judge Shigaris, you were on that panel. Then the court granted on the other issue the ineffectiveness for failing to file an appeal. But that, as I say, placed Judge Shapiro in a box in the hearing because there is only one issue that can be raised, and this was our argument in 2010 before this court. There is only one issue that can be raised during an appeal after a negotiated guilty plea, which is that plea involuntariness that had already been found meritless as the underlying issue, the prejudice component of the other claim. So that was what we were saying. And she had an elegant solution to this in finding that counsel was only asked to file an appeal after it was too late to do that. So she was upholding the finding that this claim had no merit, the claim of ineffectiveness for failing to file a post-sentence motion to withdraw the plea. It's funny you're saying that Judge Shapiro had an elegant solution, and yet you make arguments in your appellate brief to us that the district court mischaracterized its earlier opinion. Yes, Your Honor. The district court misrepresented its prior order. Yes, Your Honor. And made statements that are simply and demonstrably false. I believe that my opponent agrees with the simply and demonstrably false portion because Judge Shapiro ---- It just doesn't sound so elegant. I agree with you. In the 2014 opinion, I believe that the court did not come up with an elegant solution. In fact, said, I told the state courts to review this claim on the merits. And now my opponent agrees that Judge Shapiro did not say that. Well, let's see what Mr. Ranjan agrees or disagrees with. We'll get you back on rebuttal. Thank you. May it please the Court, Nicholas Ranjan on behalf of the appellee, Robert Lincoln. It's rare that I can be the appellee in one of these cases, so I'm treasuring that. I'd like to just respond to some of the points that the Court here raised in questioning Mr. Goldsboro. The first is that when we were here in 2008, 9, 10 in the oral argument, one of the things that did come up during the oral argument was on a reinstated direct appeal, is it going to be an empty appeal or do you actually have claims to raise? And my response to the panel was, I'm not doing this as an academic exercise. And I noted the arguments that we would intend to raise on a reinstated direct appeal, which then prompted the Rule 28J letter exchange in which our understanding of the Rule 28J letter filed by the government was that they conceded that there were claims going to plea validity that were not waived. The case was remanded, obviously, back to Judge Shapiro. Statements were made on the record that were similar. And I understand Mr. Goldsboro said, well, he may have misspoke. But if we had known that in the district court, we would have asked for a different type of relief. We would have specifically asked for reinstatement of Mr. Lincoln's post-trial rights, non-pro-tunk at that time, or as the Court did on Rule 60, ask for reinstatement of the directed appeal to be heard on the merits. Essentially, we relied on an expectation that the reinstated direct appeal would be heard on the merits. And then I go to the Superior Court, and the only argument they make is waiver. How could the Superior Court ignore state law on the question of whether the validity of the plea had been properly preserved? Well, two responses, Your Honor. One is there are exceptions to the waiver rule that the Superior Court can rely on, for example. Exceptions under state law. Sure, exceptions under state law. But the second response is that the state court was not obligated to follow its own procedural rules. In a sense, the way that we've structured these conditional writs of habeas corpus, as the state court could have said, we don't, we're not agreeing to the, in a sense of federalism and comedy, we're not agreeing to the federal court's conditional writ on whatever terms, and then the consequences that Mr. Lincoln is released. So it's really the state, if the state court wants to adhere to, for example, its waiver rule, it could have, but then it would have ripened the conditional writ into an unconditional writ. I don't follow that. His appeal was reinstated non-proton, and that put him in the same position he would have been had the attorney not withdrawn the appeal originally, which means that the waiver issue would have still been in play. Well, not necessarily, Your Honor. I mean, for example, there are Pennsylvania cases which we cited to the Superior Court and also in our Rule 60 motion that says, in an analogous PCRA context, where counsel's ineffective for failing to pursue a direct appeal and doesn't preserve those issues at the post-motion stage, post-trial stage, the remedy is not to employ a waiver rule, but the remedy is to remand so that, remand for the reinstatement non-proton of the post-trial rights. So in a certain sense, giving the petitioner more than what they asked for, but the reason that Pennsylvania courts do that is because, I think it's because of judicial economy in a certain sense. Now, Mr. Lincoln does have the option of going back to state court to file another PCRA petition to raise ineffective assistance with respect to the failure to file the reconsideration motion? If he wants to fall into a trap, because the government's already intimated that when we go back to file a second PCRA, that they will argue that it's a successive PCRA petition and is therefore improper, which is why we had to resort to really Rule 60 as opposed to risk whatever new arguments, procedural traps, really, that the government might lay if we were to go back there. Rule 60 can be, if you're bringing up new issues, in effect, deemed to be a second or successive habeas as opposed to a Rule 60 motion merely to clarify a prior order. And the fact that he brought up an issue as opposed to just the appeal might be construed to be not correct under Rule 60, but it's something that you would have to fit in under habeas. That's correct, Your Honor. I mean, I think you see in the case law this sort of tension between Rule 60 and habeas petitions. I will say you never see a case like this where the district court grants habeas relief and then the petitioner goes back for Rule 60 relief. Usually what happens is the district court denies habeas relief and then the petitioner seeks a second bite at the apple under Rule 60. But our position in our brief is that the law on successive petitions doesn't apply for a couple of reasons. One is we actually didn't ask the court to adjudicate this post-trial motion claim. When we went back on Rule 60, we said the remedy for the claim that was properly before you is that you can reinstate his appeal non-pro-tunc to the post-trial stage in state court. So we didn't go before the court to seek an adjudication on the merits under our Rule 60 motion, and that's the key distinction you see in cases like Gonzales v. Crosby. Instead, we went to the court and said we think this is what you meant by your prior order and left it out. And so in the interest of justice, you should amend or correct your order. Except it looks like there was a sub-issue compared to the full appeal. The full appeal was what was before Judge Shapiro previously on remand from us when she had the evidentiary hearing. Here this appeared to be a particular issue. Yeah, I guess you could characterize it as a sub-issue, Your Honor. How do you respond to the argument or the assertion that Mr. Goldsboro had given at the time of his letter to Ms. Waldron and at the time of the evidentiary hearing before Judge Shapiro that there would not be a plea validity defense made if this goes back to state court? You know, we read his letter as essentially conceding that this would be done on the merits, and we relied on that. We agree that there could be estoppel issues at play at a minimum. We think it would warrant Rule 60 relief. Even if Mr. Goldsboro misspoke on that point, I think Rule 60 is maybe the appropriate vehicle by which to fix this. Mr. Goldsboro also, as Judge Ambrose, you pointed out, accused the district court of many things. And he said you would agree with those assertions. And I don't agree with them, nor do I agree with how they were characterized. I think Judge Shapiro did a good job. I didn't see in her 2011 opinion these critical factual findings that were later altered. I think Mr. Goldsboro said the one point on which we would agree, and I think it's undisputed, is that Judge Shapiro the first time around didn't say the appeal would be reinstated on the merits. We agree on that. That's why we went back to her for Rule 60 relief, because we said, Judge, it didn't say that in your order, but that was our understanding of what the spirit of your order was looking at the record as well. So on that we can agree. On everything else, in a certain sense in this case, and I think you see it in the briefs, the parties argue past each other a little bit. Mr. Goldsboro frames his entire argument on appeal on what we characterize as dicta, which is that Mr. Lincoln's counsel was ineffective for failing to withdraw the plea at the post-trial stage. Our point is it's irrelevant. It was a finding that was made in this 2014 opinion in passing at the end, but it's not a critical part of the Court's holding. The other parts of the Court's opinion were largely undisputed by the government, that they would suffer no prejudice, that there's judicial economy reasons. This case is really a tortured procedural history. It has this complication of us telling the state court what issues they must decide, as opposed to putting somebody in the position of you file an appeal and you're subject to the state rules governing those appeals, including state waiver rules we're telling the state court, but this waiver rule may not be applied in this case. Well, Your Honor, again, I don't see it as a directive to the state court. I mean, it's the district courts. The district court is reviewing this under AEDPA and the Sixth Amendment, and if the district court finds that there's a Sixth Amendment violation, it could have issued an unconditional writ, or it could have issued a conditional writ with whatever conditions. We're talking about a writ that would enable a person who pled guilty and doesn't dispute his guilt to release. Yeah, and I think it would operate as any other conditional writ. The state courts can't agree or not agree to abide by it. And Judge Vanneschi, we cite in our brief a case from the Eastern District of Pennsylvania, the St. George case, which was affirmed on other grounds by this court, and in that case the district court issued the same relief. It said, particularly in light of the complex procedural history and the delay, the district court said we are going to order that the petitioner's appeal be reinstated to state court, to be heard on the merits and not on procedural grounds. And that wasn't challenged, and that was affirmed here. The point that we make throughout our briefs is that both habeas as well as Rule 60 provide district courts, federal courts, with considerable discretion. It's really an equitable statute. Before, the district court had a lot of equity, equitable power in terms of fashioning its relief. We think she didn't abuse her discretion in any sense in fashioning the relief that she did. Thank you very much. Thank you, Your Honors. Mr. Goldsboro. Mr. Goldsboro. So, Your Honors, Rule 60 discretion may be broad, but it doesn't allow the district court to change its opinion's factual finding about exactly when Lincoln first asked for an appeal. It doesn't allow the district court, as Your Honor, Judge Van Esky mentioned, to command the state courts to ignore their well-settled claim preservation rules, and it doesn't let the district court chastise the state courts for failing to obey an order to review a claim on the merits that it never gave. The district court did all those things, and it said its intent was to circumvent the normal state process. The Superior Court in 2013... It still seems to circle back to where you and I first started. You made statements, both in writing and orally, to us and to Judge Shapiro that indicated that if this case goes back, it will be heard on the merits and plea validity won't be brought up, and that's what Judge Shapiro thought was the case. That's why the conditional writ of habeas was issued. And at this point, don't we just have to go forward? Let it be heard on the merits? He wins, he loses on the merits? So be it. Well, Your Honor, I believe that he can get to a hearing in PCRA court. I don't believe this is in any way a trap. I don't think that after... Well, the trap is... ...it's going to be second or successive habeas, and habeas is very difficult to thread a needle through, especially since that's been 1996. Your Honor, it seems he's trying to do everything he can to avoid getting to a hearing on this claim, but the claim was not before Judge Shapiro in 2011. I understand, but if you say we're not going to attack the validity of his plea, then why not play the end game as to that agreement? You can't attack whoever is representing the defendants here. Your Honor, I don't believe I have the ability to waive state law or to change it. What I say, and I again apologize if I misstated... Why is that state law, first of all? You said that at the very beginning. You said, well, in effect, I thought you agreed that you made statements that indicated that plea validity will not be brought up. I call it a waiver. You can call it whatever you want. And then you say when it goes back, state law somehow says, nope, I'm sorry, I misspoke. I shouldn't have done that because state law precludes that. How so? Pennsylvania Rule of Criminal Procedure 720 says that a post-sentence motion has to be filed within 10 days. Issues not raised in the lower court are waived, can't be raised for the first time on appeal. But it sounds like this was waived. Your Honor, this is state law. In other words, what I'm trying to convey is just simply that there's case law to that effect as well, and he was advised that in order to contest it, in order to appeal it, you have to file a motion within 10 days. The judge wasn't very clear in exactly the nature of the motion, but he had pled guilty many other times before. And you're suggesting that the only way to avoid the waiver is to show ineffective assistance of counsel through another PCR? Yes, Your Honor. And I believe that that ineffective assistance would have to be for failing to file that motion. But that is the claim that was not before Judge Shapiro. That is the claim that this Court denied on the merits. That is denied a COA on after Judge Shapiro. When it went back to Judge Shapiro, she didn't agree with what you just said. She didn't have that claim before her anymore. But when this Court denied a certificate of appealability on that claim, the ineffectiveness for failing to file the post-sentence motion, I believe that that was the end of the litigation of that issue. That is the issue, however, that Judge Shapiro has now just granted relief on. I don't believe Judge Shapiro has the authority to do that. Well, obviously they came up under Rule 60 because they're concerned about a second or successive habeas. I mean, you know, it may be that it is a second or successive habeas, but what they're practically speaking, they're saying, look, here's what you did before. Here's what they did in response to what you did. What they did in response to what you did doesn't appear to comport with the agreement that was purportedly made before you at the evidentiary hearing. Please clarify that they must live up to their word. That's, in effect, what he's saying. I was unaware, Your Honor, that I was conveying any sort of an agreement. I thought we were trying to predict what might happen, and, you know, I predicted wrong. To that extent, predicted wrong or you're the representative. I mean, isn't it just like anything else? If I'm representing somebody, whether it be a transaction or in litigation, I'm their mouthpiece. It's not for my client. Your Honor, I wish I had the ability to change state law by what I say, but unfortunately I don't. And this is not the sort of state law that can be ignored. It's part of every guilty plea colloquy that you have to file this motion within ten days. That is why he made that other claim. Rights can be waived. You know, for example, Mr. Lincoln could waive constitutional rights. And provisions in state law, assuming they are as you say they are, they can be waived, can they not, by the state? Your Honor, I'd have to look into that further. We were told that sometimes the state appellate courts will look past the fact that a motion for reconsideration or a motion to withdraw the plea had not been filed and take that matter up rather than ping-ponging the defendant back and forth. I see that it may have happened in the past, but unfortunately I have no control over what they will do. If we agree to affirm, what if your adversary brings up or say it's in place, what's your position on that? Your Honor, I think releasing this fellow, unless the state courts do something that I have no control over, would be dangerous. I think that would be dangerous to everybody. This fellow almost had three dead victims in this particular case, but for the grace of God and the victim's brother getting the police to knock the door down, a few more hours and she and her children would have been gone. I think that would be very unwise. Thank you very much. Thank you both. Thank you, counsel. Well-presented arguments will take the matter under advisement.